RECORD NO. 12-1805

In The

# United States Court of Appeals
### For The Fourth Circuit

## MICHAEL FIELD, JR.,

*Plaintiff – Appellant*,

**v.**

## MICHAEL BERMAN; WAYNE LEE; FRED MALEK; JOHN MORITZ; THOMAS A. WOODLEY; THOMAS J. WOODLEY,

*Defendants – Appellees*,

**and**

**ERIC JOWETT; SUSAN MCFARLANE, personal representative of the estate of Willis McFarlane, deceased; JAMES WILKINSON**

*Defendants.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

─────────────

## REPLY BRIEF OF APPELLANT

─────────────

**W. Ryan Snow**
**Alyssa Carducci Embree**
**CRENSHAW, WARE & MARTIN, P.L.C.**
**150 West Main Street, Suite 1500**
**Norfolk, Virginia 23510**
**(757) 623-3000**

*Counsel for Appellant*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES...........................................ii

SUMMARY OF THE ARGUMENT.........................................1

ARGUMENT.......................................................3

I.    Defendants ignore the chronology of the case, the law governing bankruptcy sales under 11 U.S.C. § 363(f), and the language of the Sale Order..........3

    A.    The chronology of the case undercuts the Defendants' arguments...........................3

    B.    11 U.S.C. § 363(f) undercuts the Defendants' arguments.......................................4

    C.    The language of the Sale Order undercuts the Defendants' arguments...........................6

II.    Field does not seek to overturn a state court judgment as required for Rooker-Feldman to apply......8

III.  Defendants' reliance on prior proceedings in support of res judicata is misplaced..................9

IV.    The District Court did not grant the Motion to Dismiss based on collateral estoppel.................11

V.    Questions raised by the Defendants highlight the need for discovery and presentation of evidence......12

CONCLUSION....................................................14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Adams v. Bain,
    697 F.2d 1213 (4th Cir. 1982)..............................14

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
    544 U.S. 280, 125 S. Ct. 1517 (2005)......................9

In re Ansari,
    113 F.3d 17 (4th Cir. 1997)...........................11, 12

In re Collins,
    180 B.R. 447 (Bankr. E.D.Va. 1995).................4, 5, 10

In re Daufuskie Island Prop., LLC,
    431 B.R. 626 (Bankr. D.S.C. 2010)..................4, 5, 10

In re DVI, Inc.,
    306 B.R. 496 (Bankr. D.Del. 2004).........................4

In re Gulf States Steel, Inc.,
    285 B.R. 497 (Bankr. N.D. Ala. 2002)......................5

In re Met-L-Wood Corp.,
    861 F.2d 1012 (7th Cir. 1988).........................3, 10

In re Pierce,
    384 B.R. 477 (Bankr. S.D. Ohio 2008)......................4

Richmond, Fred. & Potomac R. Co. v. Forst,
    4 F.3d 244 (4th Cir. 1993)...............................14

Transdulles Center, Inc. v. Sharma,
    252 Va. 20, 472 S.E.2d 274 (1996)........................11

**STATUTES**

11 U.S.C. § 363...........................................1, 3, 5

11 U.S.C. § 363(b)....................................2, 5, 6, 12

11 U.S.C. § 363(f)..........................................passim

11 U.S.C. § 363(f)(4)................................2, 4, 5, 12

28 U.S.C. § 158(d)...........................................3

**RULES**

Fed. R. App. P. 12(b)(1)....................................14

Fed. R. App. P. 12(b)(6)....................................14

## SUMMARY OF THE ARGUMENT

It is undisputed that Defendants did not appeal the Sale Order after their Motion to Alter or Amend was denied. Having failed to do so, the central premise of their Brief is that state court decisions <u>after</u> the Sale Order was entered somehow redefine the universe of claims that were sold. Their argument ignores the chronology of the case, the law governing bankruptcy sales under 11 U.S.C. § 363(f), and the language of the Sale Order, all of which compel reversal of the District Court.

Defendants never explain how a sale of claims under 11 U.S.C. § 363 can be altered or undone by later state court proceedings, particularly when the bankruptcy court itself refused to do so. Instead, they argue that the only count reduced to judgment, Count 1 of the Amended Motion for Judgment (formerly Count IX of the Bill of Complaint), was never sold at all because it was ultimately determined to be "direct" instead of derivative. Opp. Brief, pp. 15-16.

Defendants fail to acknowledge that the Sale Order came nearly six months <u>before</u> any state court decided whether Count IX was direct or derivative. J.A. 87 (March 28, 2005), J.A. 239 (September 22, 2005). At the time of the Sale Order, the nature of Count IX was fully disputed in a pending Demurrer. J.A. 46.

Defendants likewise fail to acknowledge that a bankruptcy trustee can sell not only those interests that are undisputedly

owned by the estate under 11 U.S.C. § 363(b), but also those "in bona fide dispute" at the time of the sale under 11 U.S.C. § 363(f)(4). The claims in Count IX are a prime example. In fact, the Sale Order specifically cites 11 U.S.C. § 363(f) in the section that describes the property sold to Field. J.A. 89.

Finally, Defendants fail to address in any meaningful way the language of the Sale Order that conveys to Field "any and all claims that *could arise from the facts* alleged by the Derivative Plaintiffs in the Chancery Action, *including but not limited to* the Derivative Claims. . ." J.A. 89 (emphasis added). Their closest attempt comes 40 pages into their Brief, where they argue that the Sale Order is "*expressly limited to* derivative claims and counterclaims, with language included attempting to encompass every possible derivative claim owned by AutoMall." Opp. Brief, p. 40. Nowhere does the Sale Order state this, nor is there any evidence that the bankruptcy court intended its "not limited to" language to be omitted in favor of an opposite construction.

Because the Sale Order conveys to Field all claims that were reduced to judgment, and because such a sale cannot be altered or undone by later state court proceedings, Field is the lawful owner of that judgment as owner of the underlying claims. The District Court erred in dismissing this case and preventing Field from enforcing the sale.

## ARGUMENT

**I. Defendants ignore the chronology of the case, the law governing bankruptcy sales under 11 U.S.C. § 363(f), and the language of the Sale Order.**

**A. The chronology of the case undercuts the Defendants' arguments.**

All of the decisions cited by Defendants to confirm Count IX as direct, and therefore incapable of being sold to Field in the Sale Order, were issued <u>after</u> the Sale Order was entered on March 28, 2005. J.A. 87. None of them purports to undo the finality of the Sale Order, nor could any of them do so. <u>In re Met-L-Wood Corp.</u>, 861 F.2d 1012, 1017 (7th Cir. 1988). A sale under 11 U.S.C. § 363 "transfers property rights, and property rights are rights good against the world, not just against parties to a judgment or persons with notice of the proceeding." <u>Id.</u> Once a sale is confirmed, "[t]he confirmation order is appealable as a final order under 28 U.S.C. § 158(d)." <u>Id.</u> After the time for appeal has lapsed, "the order [can] not be attacked in a new lawsuit," whether by a party to the sale proceeding or anyone else. <u>Id.</u> at 1016.

The Defendants did not appeal the Sale Order or the order denying their Motion to Alter or Amend. They ignored both, opting instead to pursue judgment in state court on claims they did not own. If the bankruptcy sale process is to be upheld,

Defendants cannot rely on later state court proceedings to alter or undo what they failed to appeal in the federal case.

## B. 11 U.S.C. § 363(f) undercuts the Defendants' arguments.

Defendants attempt to avoid the finality of the Sale Order by arguing that, "A trustee in bankruptcy cannot transfer better rights than he himself possesses." Opp. Brief, p. 38. According to Defendants, if Count IX was truly direct, it could never have been sold as property of the estate. Id.

The flaw in this argument is the plethora of case law that contradicts it. See, e.g., In re Daufuskie Island Prop., LLC, 431 B.R. 626, 646 (Bankr. D.S.C. 2010) (confirming power of trustee under § 363(f)(4) to sell repurchase rights free and clear where history of litigation regarding validity of those rights created "bona fide dispute"); In re Pierce, 384 B.R. 477, 482 (Bankr. S.D. Ohio 2008) (holding § 363(f)(4) "specifically enables trustees to sell property free of any liens when the obligations are in bona fide dispute"); In re DVI, Inc., 306 B.R. 496, 504 (Bankr. D.Del. 2004) (holding debtors were entitled to sell personal property in which third party claimed constructive trust where interest had not yet been adjudicated and was subject to "bona fide dispute"); In re Collins, 180 B.R. 447, 452 (Bankr. E.D.Va. 1995) (holding court need not resolve bona fide dispute, just determine its existence).

Under 11 U.S.C. § 363, a bankruptcy trustee can sell interests that are undisputedly owned by the estate under § 363(b), like the counts labeled derivative in the Bill of Complaint, *as well as* those "in bona fide dispute" under § 363(f), like Count IX of the Bill of Complaint (later Count 1 of the Amended Motion for Judgment). The purpose of § 363(f) is to facilitate the bankruptcy sale process, even if it means certain disputes will not be resolved in litigation. See In re Gulf States Steel, Inc., 285 B.R. 497, 507 (Bankr. N.D. Ala. 2002) (confirming power of trustee to sell property under § 363(f)(4) so "liquidation of the estate's assets need not be delayed while such disputes are being litigated").

Critically here, the direct or derivative nature of a claim is not dispositive of a trustee's ability to sell it under § 363(f), only the existence of a bona fide dispute. See In re Collins, 180 B.R. at 452. The standard for determining whether a bona fide dispute exists is "whether there is an objective basis for either a factual or a legal dispute as to the validity of the asserted interest." In re Daufuskie, 431 B.R. at 646. "Importantly, this standard *does not require that the Court resolve the underlying dispute or that it determine the probable outcome of the dispute*; rather, it only requires a determination that such a dispute does, in fact, exist." Id. (emphasis added).

It is undisputed that the Sale Order cites 11 U.S.C. § 363(f) in its recitation of the property sold to Field. J.A. 89. It is also undisputed that a bona fide dispute existed as to the direct or derivative nature of the claims in Count IX at the time the trustee sold them on March 28, 2005. See J.A. 50 (Demurrer challenging Count IX as direct). In fact, the primary decision on which Defendants rely to argue that Count IX was direct is a letter opinion issued by the Alexandria state court on September 22, 2005, nearly six months after the Sale Order. J.A. 239. The letter opinion only emphasizes the existence of a bona fide dispute at the time of the earlier sale.

Given these facts, even if the claims in Count IX were not sold to Field as derivative under § 363(b), they were certainly sold to him as claims subject to a bona fide dispute under § 363(f). Defendants' arguments ignore the latter statute.

**C.  The language of the Sale Order undercuts the Defendants' arguments.**

In a last attempt to avoid the sale of claims in the Sale Order, the Defendants argue that the Sale Order by its own terms "is expressly limited to derivative claims and counterclaims, with language included attempting to encompass every possible derivative claim owned by AutoMall." Opp. Brief, p. 40. Their

argument overlooks both the bona fide dispute described above and the citation in the Sale Order to 11 U.S.C. § 363(f).

Even so, the Sale Order says exactly the opposite of what the Defendants argue. It describes the property sold to Field as "any and all claims that *could arise from the facts* alleged by the Derivative Plaintiffs in the Chancery Action, *including but not limited to* the Derivative Claims. . ." J.A. 89 (emphasis added). Defendants' repeated avoidance of this language is a telling omission: If the language means what is says, then Field bought all of the claims in dispute in the state court case, including those not strictly labeled derivative.

Defendants knew this when they filed their Motion to Alter or Amend. J.A. 94. They also knew the language was consistent with the citation in the Sale Order of 11 U.S.C. § 363(f). In their motion, they explicitly argued that the Sale Order resolved the *entire* chancery case: "Indeed, Field was a defendant in the Chancery Action; his 'bid' for the Derivative Claims was tantamount to a proposal to *settle the Chancery Action.*" J.A. 95 (emphasis added). The bankruptcy court denied the motion because it found the sale properly conducted. J.A. 104. Nevertheless, Defendants' premise of a complete resolution of the state court case was entirely correct.

Because the Sale Order conveyed to Field all claims that were reduced to judgment, and because the sale cannot be altered or undone by later state court proceedings, the District Court erred in dismissing the Complaint.

## II. Field does not seek to overturn a state court judgment as required for <u>Rooker-Feldman</u> to apply.

Defendants are incorrect that Field seeks to overturn the state court judgment as required for <u>Rooker-Feldman</u> to apply. Opp. Brief, pp. 21-23. Field does not seek to overturn the judgment; he seeks a declaration that he owns it as owner of the underlying claims at the time it was entered. J.A. 16-17.

Defendants convolute Field's position by stating that his "claim of injury rests on the judgment itself" and that he "is complaining of the state court decision, not a prior injury that the state court failed to remedy." Opp. Brief, p. 22. Neither statement has any foundation in the record. It is elementary that Field will be injured if Defendants are allowed to enforce a $1,432,581 judgment against him that he alone owns. This does not mean he is trying to overturn the judgment.

Like the District Court, Defendants seem to believe that if Field ultimately intends to release the judgment, he may as well be trying to overturn it. Opp. Brief, pp. 23-25. But owning a judgment and seeking to overturn a judgment are not the same

things.    Judgments are bought and sold all the time; what an owner does with a judgment is his or her prerogative.

The United States Supreme Court has required more than just the inkling that a party might release a judgment for Rooker-Feldman to apply.   For Rooker-Feldman to apply, a state court loser must "invit[e] district court *review and rejection*" of the state court judgment.   See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005).   There is no evidence whatsoever that Field asks the District Court to review and reject the judgment here.

Defendants' fallback position that Field is attempting to separate ownership of the judgment from ownership of the underlying claims is equally inaccurate.   Opp. Brief, pp. 50-51. Defendants correctly concede that, "Ownership of the Judgment flows from ownership of the underlying claims."   J.A. 883. Field's position in this case is (and has consistently been) that he owns the judgment as owner of the underlying claims at the time it was entered.   J.A. 8, 17.   Nothing about this position warrants dismissal based on Rooker-Feldman.

## III. Defendants' reliance on prior proceedings in support of res judicata is misplaced.

Defendants' res judicata arguments based on state court decisions after the Sale Order are likewise unavailing.   Opp. Brief, pp. 32-34.   State court proceedings cannot alter or undo

a sale accomplished in a bankruptcy court order. See Met-L-Wood, 861 F.2d at 1016-17. The order must be reconsidered or appealed. Id. Defendants unsuccessfully sought the former, and did not at all seek the latter.

The reason Defendants persist in their argument is that they incorrectly equate a decision that Count IX of the Bill of Complaint is "direct" with a decision that Field does not own the claims. Thus, Defendants argue in their Brief that Field "has made identical arguments in various forms at least twelve times." Opp. Brief, p. 2. They then cite various decisions on the direct versus derivative nature of Count IX, all flowing from the initial post-sale opinion by the Alexandria state court, J.A. 239, and all issued after the Sale Order. Id.

The correlation the Defendants make is simply wrong. The trustee's ability to sell the claims in Count IX did not depend on whether they were direct or derivative, only whether the nature of the claims was in "bona fide dispute" at the time of the sale. See In re Daufuskie, 431 B.R. at 646; In re Collins, 180 B.R. at 452. Field agrees that the Alexandria state court found the claims in Count IX to be direct on September 22, 2005, some six months after they were sold. J.A. 239. He also agrees that the Virginia Supreme Court later rejected his appeal of the judgment entered March 17, 2006. J.A. 143. Neither decision

10

addresses 11 U.S.C. § 363(f), the derivative counterclaims, the settlement with Outlaw, or any cause of action in this case.

## IV.  The District Court did not grant the Motion to Dismiss based on collateral estoppel.

It is unclear why Defendants argue collateral estoppel. The District Court did not grant the Motion to Dismiss based on collateral estoppel.  J.A. 949.  It stated two reasons for its dismissal:  Rooker-Feldman and res judicata.  J.A. 948.

Even so, collateral estoppel does not apply.  Collateral estoppel requires that "[1] the parties to the two proceedings, or their privies, must be the same; [2] the factual issue sought to be litigated *actually must have been litigated in the prior action and must have been essential to the prior judgment*; and [3] the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action."  Transdulles Center, Inc. v. Sharma, 252 Va. 20, 22-23, 472 S.E.2d 274, 275 (1996); see also In re Ansari, 113 F.3d 17, 19 (4th Cir. 1997) (quoting same).

The factual issues sought to be litigated here - whether the claims in the state court case were sold to Field, including the derivative counterclaims - have never been fully litigated or resolved.  Central to those issues is whether the single count on which Defendants obtained judgment in 2006 (Count 1, formerly Count IX) was sold in the Sale Order.  As explained

above, it unquestionably was: either as a derivative claim under 11 U.S.C. § 363(b) or as property "in bona fide dispute" as to whether it was derivative under 11 U.S.C. § 363(f)(4).

Defendants' nonetheless repeat their mistaken assertion that Field's arguments have been litigated and adjudicated "at least twelve times." Opp. Brief, p. 41. Only one instance exists in which ownership of the judgment has been actually litigated, and Defendants prevented final adjudication. In November 2006, Field and Defendants appeared in Alexandria bankruptcy court after Field removed a collection action there from Fairfax. At that time Field directly challenged Defendants' ownership of the judgment. J.A. 870-71. The bankruptcy court declined to decide the issue, electing instead to remand the case. J.A. 877.

The issue was never decided on remand, however, because the Defendants promptly non-suited the case. A non-suit in Virginia is a voluntary dismissal, not a "valid, final judgment" as required for collateral estoppel. See Ansari, 113 F.3d at 19. No other instance exists in which the parties actually litigated the issues that underlie this action.

**V.  Questions raised by the Defendants highlight the need for discovery and presentation of evidence.**

Defendants incorrectly argue that "there is nothing for Appellant to discover" on remand that could result in anything

but dismissal of his Complaint.  Opp. Brief, p. 16.  The factual contentions and arguments in their Brief counsel otherwise.

Foremost, Defendants' position that the derivative counterclaims were ultimately tried to a jury is just wrong. Opp. Brief, pp. 4, 9-10.  On May 12, 2005, at Defendants' request, the Alexandria state court dismissed all of the derivative counterclaims for "lack of standing," even though the Sale Order conveyed standing on Field six weeks earlier.  J.A. 121.  The derivative counter-claims were not thereafter tried to the jury.  The only counter-claims tried to the jury were personal claims of Field, labeled fiduciary on the verdict form, J.A. 447, where damages were limited to damages he personally sustained.  The state court entered judgment on March 17, 2006 on Counts 1 and 2 only.  J.A. 143.  Count 1 (formerly Count IX) resulted in a $1,432,581 damage award; Count 2 resulted in a defense verdict for Field.  Neither count involved the derivative counterclaims.

Because the District Court failed to allow discovery or hear evidence on the defenses, no record has been established to detail the Defendants' error.  Similarly, the District Court received no testimony to explain the matters at issue in the original derivative suit, the bid process that gave rise to the Sale Order, the nature of the claims that were sold in the Sale Order, the context of the Sale Order in the bankruptcy case, the

events that followed the Sale Order, the reasons for the various state court proceedings, the limited issues involved in those proceedings, or the multiple procedural efforts by Defendants to avoid the Sale Order.  All of these issues bear directly on the defenses at issue, as well as the application of 11 U.S.C § 363(f) to the claims in Count IX.

Where facts surrounding defenses are "so intertwined with the facts upon which the ultimate issues on the merits must be resolved," this Court has held that Rule 12(b)(1) "is an inappropriate basis upon which to ground [a] dismissal." Adams v. Bain, 697 F.2d 1213, 1220 (4th Cir. 1982).  This Court has also held that defenses of res judicata and collateral estoppel "are more properly reserved for consideration on a motion for summary judgment" or at trial than a motion to dismiss under Rule 12(b)(6).  See Richmond, Fred. & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993).  For all of these reasons, and for all other reasons above, the District Court erred in dismissing the Complaint.

## CONCLUSION

Field respectfully requests that this Court reverse the decision of the District Court and remand this matter for adjudication of the merits.

14

MICHAEL FIELD, JR.

By: /s/ W. Ryan Snow

W. Ryan Snow, VSB No. 47423
Alyssa Carducci Embree, VSB No. 74047
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia  23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
wrsnow@cwm-law.com
aembree@cwm-law.com
    *Counsel for Michael Field, Jr.*

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed.
    R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [      ] this brief contains [*state the number of*] words,
    excluding the parts of the brief exempted by Fed. R. App.
    P. 32(a)(7)(B)(iii), *or*

    [  X  ] this brief uses a monospaced typeface and contains
    [357] lines of text, excluding the parts of the brief
    exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed.
    R. App. P. 32(a)(5) and the type style requirements of Fed.
    R. App. P. 32(a)(6) because:

    [      ] this brief has been prepared in a proportionally
    spaced typeface using [*state name and version of word
    processing program*] in [*state size and name of font*]; or

    [  X  ] this brief has been prepared in a monospaced
    typeface using [*Microsoft Word 2007*] with [*10 characters
    per inch Courier New Font*].

Dated: November 13, 2012               /s/ W. Ryan Snow
                                       *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 13th day of November, 2012, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

> Jeffrey W. Harab
> THE LAW OFFICE OF JEFFREY HARAB
> 4600 North Park Avenue, Suite 101
> Chevy Chase, Maryland  20815
> (301) 656-1100
>
> *Counsel for Appellees*

I further certify that on this 13th day of November, 2012, I caused the required copies of the Reply Brief of Appellant to be hand filed with the Clerk of the Court.

/s/ W. Ryan Snow
*Counsel for Appellant*